ROLLER

v.

JORDAN.

(*Supreme Court of Appeals of Virginia, October, 1886.*)

[Virginia Law Journal, 1886, p. 628.]

Public Free Schools—County Superintendents—Term of Office.

Under the constitutional amendment adopted in November, 1874, the first regular term of office of county and city superintendents of schools began on July 1st, 1877, and ended on June 30th, 1881; the second term began on July 1st, 1881, and ended on June 30th, 1885; and the third term began on July 1st, 1885, and will end on June 30th, 1889.  Pendleton v. Miller, *ante*, p. 606.

Same—Same—Same—Case at Bar.

June 7th, 1883, Roller was appointed superintendent of schools for Augusta county, and held the office until July 1st, 1886, when Jordan, who was appointed thereto on March 20th, 1886, took possession thereof.  Upon petition for mandamus by R. to recover the office, *held*:

Same—Same—Same—Same.

1.  Under the repeated decisions of this court, Roller was appointed to fill the unexpired term ending June 30th, 1885, and since that time has been a mere *locum tenens*, holding by virtue of the constitutional provision which allowed him to hold until his successor was appointed and qualified.

Same—Same—Same—Unexpired Term.

2.  Jordan is entitled to hold the unexpired portion of the term which began July 1st, 1885, and will end June 30th, 1889; his appointment was valid (the board of education having authority to fill vacancies) notwithstanding the board believed they had authority to make the appointment under the joint resolution of February 26th, 1886, which was nevertheless declared null and void in Pendleton v. Miller.

Petition for writ of mandamus by H. Sheffy Roller against C. F. Jordan, to require the respondent to deliver up to the petitioner the office of superintendent of schools for Augusta county.

The opinion states the case.

*Craig & Paul*, for petitioner.

*T. C. Elder*, for respondent.

HINTON, J., delivered the opinion of the court.

In Pendleton v. Miller, decided at this term, this court held that the regular terms of county and city superintendents of schools, under the constitutional amendment adopted in November, 1874 (see Acts of 1874, page 208), commenced on the 1st July, 1877, and expired with the 30th June, 1881. The second regular term, therefore, began on the 1st July, 1881, and ended on 30th June, 1885. The third regular term, therefore, began on the 1st July, 1885, and ends on 30th June, 1889.

On the 7th of June, 1883, the petitioner, H. Sheffy Roller, was duly appointed superintendent of schools for the county of Augusta, and soon thereafter qualified and entered upon the discharge of the duties of that office. Under the repeated decisions of this court, now too familiar to be cited, he was elected to fill the unexpired term ending June 30th, 1885, and since that time has been a mere *locum tenens*, holding the office only by virtue of the constitutional provision which allows persons elected to office to hold over until their successors are appointed and qualified.

On the 20th of March, 1886, the respondent, Cornelius F. Jordan, was duly appointed to the aforesaid office by the proper authority—the state board of education. He afterwards qualified, and on the 1st of July, 1886, took posses-

sion of the office, which he is entitled to hold until the 1st of July, 1889. It is doubtless true that when the state board of education appointed the respondent to this office they believed the joint resolution of the general assembly, approved February 26th, 1886, which undertook to vacate the offices of all county and city superintendents, was valid and binding, and that they had authority, under the provisions of that resolution, to make the appointment. In that they were mistaken, for that joint resolution, in so far as it undertakes to vacate the office of all city and county superintendents of schools, and to fix the time for the beginning of the regular term of those offices on the 1st of July, 1886, is, as we declare in Pendleton v. Miller, null and void. But this circumstance does not affect the validity of the appointment of the respondent, for the term of office was vacant both at the time of his appointment and qualification; and as the state board of education is vested by the constitution with the power to fill such vacancies, their appointment of the respondent is valid. It cannot affect the case that they did what they had the rightful authority to do for a wrong reason. It follows that the respondent Jordan is entitled to fill the unexpired portion of the term which commenced on the 1st of July, 1885, and will terminate on the 30th of June, 1889.

The writ must therefore be refused, and the rule discharged.

Writ refused.